UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STUART SMITH** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-1306** |
| **RICHARD SACKETT** | **SECTION I** |

## ORDER

Before the Court are the motion[1] to stay the above-captioned matter until an executor can be appointed to Stuart Smith's estate and the motion[2] to expedite the motion to stay. On this date, the Court held a telephone conference with counsel for both parties participating.

A notice of death as to Stuart Smith was filed in this case on May 26, 2022. Pursuant to Rule of Civil Procedure 25(a), a motion to substitute parties must be made within 90 days after such a notice of death. The Rule states that if the motion is not made within 90 days, the action "must be dismissed." Notwithstanding the Rule's mandatory language, the Eighth Circuit has held that Federal Rule of Civil Procedure 6(b) "authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed." *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005). District courts in this circuit and others have granted extensions of time to file Rule 25(a) motions to substitute. *Hill v. First Tenn. Bank, N.A.*, 17-1298, 2018 WL 2317714, at *2 (N.D. Tex. May 22, 2018); *Rowland v.*

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 8.

*GGNSC Ripley, LLC*, 13-11, 2015 WL 12999757, at *2 (N.D. Miss. Nov. 23, 2015); *Trigo v. TDCJ-ID Offs.*, No. 05-2012, 2011 WL 335090, at *6 (S.D. Tex. Jan. 31, 2011); *Jones Inlet Marina, Inc. v. Inglima*, 240 F.R.D. 238, 240 (E.D.N.Y. 2001) ("Notwithstanding the mandatory language in Rule 25(a), the district court has considerable discretion in addressing the timing of substitution in the event of the death of a party.").

Pursuant to Rule 6(b), "the court may, for good cause, extend the time" in which specific acts are required to be completed. If the extension is made before the original time expires, the court may act for any reason, with or without motion or notice. FED. R. CIV. P. 6(b)(1)(A); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021). If the extension is made after the original time expires, the court may act on motion "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

Good cause to extend is present here. The motion states that an executor has not been appointed because of delays in probate proceedings in Florida,[3] a circumstance beyond the parties' or this Court's control. Further, the 90-day deadline to file a Rule 25(a) motion will expire on August 24, 2022. Because the time has not yet expired, the Court may extend the time with or without motion, and a finding of excusable neglect is not required. If a finding of excusable neglect were required, the Court would find that requirement met here since, as discussed above, the cause of the delay is beyond the parties' control. *Adams v. Travelers Indem. Co. of Conn.*, 465

---

[3] R. Doc. No. 7, at 1–2.

3

F.3d 156, 161 n.8 (5th Cir. 2006) ("Relevant factors to the excusable neglect inquiry include . . . the reason for the delay, including whether it was within the reasonable control of the movant . . . ."). For the foregoing reasons,

**IT IS ORDERED** that the motion to stay is **DENIED** and the motion to expedite is **GRANTED.**

**IT IS FURTHER ORDERED** that the deadline to file a motion to substitute parties pursuant to Rule 25(a) is hereby **EXTENDED** for 45 days, until October 10, 2022.

New Orleans, Louisiana, August 23, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**