UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STUART SMITH** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-1306** |
| **RICHARD SACKETT** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by Barry Cooper, Jr. ("Cooper"), in his capacity as administrator of the estate of Stuart Smith ("Smith"), to remand the above-captioned matter to Civil District Court for the Parish of Orleans. Defendant Richard Sackett ("Sackett") opposes the motion.[2] For the reasons below, the Court grants the motion.

### I. BACKGROUND

This case arises from a dispute over a promissory note. Plaintiff alleges that, on June 21, 2018, Sackett executed a promissory note in the amount of $125,000.00, payable to Stuart Smith on or before ninety days from the date of the note.[3] Plaintiff alleges that Sackett has made only a single payment, in the amount of $5,000.00, on the note.[4] Plaintiff filed a lawsuit in Louisiana state court on April 14, 2022, alleging that Sackett is liable to Smith for the principal amount on the note, plus interest at

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 16.
[3] R. Doc. No. 1-1, at 1.
[4] *Id.* at 2.

a per diem rate of $20.58 from February 12, 2022, until paid, as well as reasonable attorney's fees and costs.[5]

Sackett removed this matter to federal court on May 11, 2022. He alleged that the parties are diverse, Smith being a citizen of Louisiana and Sackett being a citizen of Florida; and that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.[6]

On May 20, 2022, Smith died.[7] This Court subsequently granted a motion, pursuant to Federal Rule of Civil Procedure 25, to substitute Cooper, Smith's spouse, as the administrator of Smith's estate, as plaintiff.[8] Cooper now moves to remand this case to state court, asserting that the parties are not in fact diverse, as Smith was a citizen of Florida for jurisdictional purposes.

## II. STANDARD OF LAW

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity" because "the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). Federal district courts have original jurisdiction over civil actions between

---

[5] *Id.* at 3.

[6] R. Doc. No. 1, at 1.

[7] R. Doc. No. 5.

[8] R. Doc. No. 14. The Court had previously extended the deadline for substitution of parties due to delays in the Florida probate court in appointing the executor. *See* R. Doc. No. 9.

citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

The party seeking the federal forum bears the burden of establishing the prerequisites of diversity jurisdiction. *Pershing, LLC v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because "removal jurisdiction raises significant federalism concerns," doubts as to whether removal is proper are resolved in favor of remand. *Willy v. Coastal Corp.*, 855 F.3d 1160, 1164 (5th Cir. 1988).

The determination of a party's citizenship is a matter of federal common law. *Anderson v. Dean*, No. 21-1891, 2022 WL 815253, at *6 (E.D. La. Mar. 17, 2022) (Africk, J.) (citing *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996)). "For jurisdictional purposes, the term 'citizenship' is synonymous with 'domicile.'" *Id.* (citations omitted). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007). "There is a presumption in favor of the continuing domicile," and a party attempting to show a change in domicile must come forward with evidence to support that change. *Coury*, 85 F.3d at 250. However, "[t]he ultimate burden on the issue of jurisdiction [still] rests with . . . the party invoking federal jurisdiction." *Id.*

To determine a person's domicile, courts consider factors "including 'the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home

for his family.'" *Guidry v. USAA Gen. Indem. Co.*, No. 17-8190, 2018 WL 2016461, at *2 (E.D. La. May 1, 2018) (Engelhardt, J.) (quoting *Coury*, 85 F.3d at 251) (further citations omitted). No single factor is determinative. *Id.*

Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). However, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury*, 85 F.3d at 249 (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967)).

### III. ANALYSIS

As discussed above, the parties' sole dispute is whether Smith was domiciled in, and therefore a citizen of, Louisiana or Florida. The parties do not dispute that Sackett is a citizen of Florida. If Smith was domiciled in Florida, then the parties are not diverse, and this Court lacks subject matter jurisdiction and must remand the matter to state court.[9]

Both parties present evidence that, they contend, establishes Smith's domicile as either Louisiana or Florida. As discussed above, however, Sackett, as the removing

---

[9] Cooper's citizenship is irrelevant to the Court's analysis. Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

defendant, bears the burden of establishing the prerequisites of diversity jurisdiction. *Pershing, LLC*, 819 F.3d at 181. He has not done so.

In support of his contention that Smith was domiciled in Florida at the pertinent times, Cooper provides the following evidence: Smith's Florida driver's license, which expired in 2021;[10] Smith's Florida voter information card;[11] an application by Smith and Cooper for Florida homestead tax exemptions for tax year 2020;[12] documents from a lawsuit against Smith, filed in 2018 in the Eastern District of Louisiana, in which the plaintiffs alleged and Smith admitted that he was a citizen of Florida for jurisdictional purposes;[13] Florida probate court documents regarding the administration of Smith's estate;[14] a declaration by Cooper stating, among other things, that he and Smith changed their domicile from Louisiana to Florida in 2003;[15] and Smith's pilot license, which listed a Florida address.[16]

Sackett, in response, provides the following: a Louisiana voter information document for Smith, issued May 31, 2022;[17] Louisiana Secretary of State records for nine LLCs listing Smith as a manager member with associated Louisiana

---

[10] R. Doc. No. 15-3.
[11] R. Doc. No. 15-4.
[12] R. Doc. No. 15-5.
[13] R. Doc. No. 15-6.
[14] R. Doc. No. 15-7.
[15] R. Doc. No. 15-8.
[16] R. Doc. No. 15-9.
[17] R. Doc. No. 16-1, at 1.

addresses;[18] two Louisiana real estate mortgages in Smith's name;[19] one record of a sale of Louisiana real property by Smith;[20] and Smith's obituary, which states that Smith's funeral and burial took place in New Orleans.[21]

As stated above, to determine Smith's domicile for jurisdictional purposes, the Court considers factors such as where he exercised political rights, paid taxes, owned property, had driver's and other licenses, had places of business, and maintained a home. *Guidry*, 2018 WL 2016461, at *2.

Though the parties present voting documents from both Florida and Louisiana, Cooper, in his response to Sackett's opposition, also presented an affidavit stating that, according to the Orleans Parish Registrar of Voters, the Louisiana voter information card provided by Sackett "is an address confirmation card, which is sent automatically to randomly selected voters" and "that Stuart H. Smith has not voted in Orleans Parish, Louisiana since 2006."[22] The affidavit submitted further states that, according to a representative of the Florida Division of Elections, "Stuart H. Smith last voted via mail in Palm Beach County, Florida, in 2020."[23] Further, Smith's Florida voter registration card indicates that he first registered to vote in Florida in

---

[18] R. Doc. No. 16-1, at 2 (1525 Religious, LLC), 9 (Stuart H. Smith, LLC), 11 (Smith/Cooper Holdings, LLC); 12 (1525 Religious, LLC), 13 (1535 Seventh Street, LLC), 14 (LLAM Energy, LLC), 15 (516 St. Philip, LLC); 16 (Best Buddies Leasing, LLC), 18 (SCM Investments and Construction, LLC).

[19] *Id.* at 3, 5

[20] *Id.* at 7.

[21] *Id.* at 19.

[22] R. Doc. No. 21-1, at 1. The Court also notes that the Louisiana voter information card appears to have been issued after Smith's death.

[23] *Id.*

2006.[24] This evidence indicates that Smith exercised his political rights in Florida beginning in 2006, and continuing through 2020.

Cooper has also presented evidence that Smith paid taxes in Florida, in the form of the Florida homestead exemption application form for the 2020 tax year.[25] Sackett has not provided any evidence that Smith paid taxes in Louisiana. Further, Cooper provided evidence that Smith maintained a driver's license[26] and pilot's license[27] in Florida. It is true that the Florida driver's license expired in 2021 and was "never removed from its mailing form."[28] However, Cooper states that, after its expiration, Smith did not drive due to health issues.[29] Moreover, Sackett has not produced any identification cards for Smith from Louisiana.

Sackett points to the fact that, when filing this lawsuit in state court, Smith attested that he was a resident of Orleans Parish.[30] However, Sackett himself also recognizes that "residence alone is not the equivalent of citizenship."[31] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."). Further, Smith admitted,

---

[24] R. Doc. No. 15-4, at 1.
[25] R. Doc. No. 15-5.
[26] R. Doc. No. 15-3.
[27] R. Doc. No. 15-9.
[28] R. Doc. No. 16, at 2.
[29] R. Doc. No. 15, at 1–2.
[30] R. Doc. No. 16, at 8.
[31] *Id.* at 7. (quoting *Preston*, 485 F.3d at 799).

when named as defendant in a 2018 federal lawsuit, that he was a citizen of Florida for diversity jurisdiction purposes.[32]

Sackett further argues that Smith's obituary, which does not mention Florida, as well as the fact that he was buried in Louisiana, should lead this Court to conclude that he was a citizen of Louisiana.[33] Assuming it is true that, as Sackett contends, Smith had "persistent, deep, life-long attachment to Louisiana,"[34] such subjective attachment does not establish that Smith was actually domiciled in Louisiana.

Sackett has presented substantial evidence that Smith owned property and conducted business in Louisiana, pointing to property records, LLC registrations, and the fact that "Smith was a member of the bar of the Louisiana Supreme Court, and not [a bar member] in Florida."[35] This evidence points to the conclusion that Smith conducted many of his professional activities in Louisiana, a factor relevant to the determination of a party's domicile. *Guidry*, 2018 WL 2016461, at *2. However, this factor is not determinative and, in light of the evidence presented by Cooper, that Smith voted in Florida, had Florida driver's and other licenses, and maintained a home in Florida, the Court concludes that Sackett has not carried his burden of establishing the prerequisites of diversity jurisdiction. *Id.*; *Pershing, LLC*, 819 F.3d at 181.

Accordingly,

---

[32] R. Doc. No. 15-6.
[33] R. Doc. No. 16, at 7–8.
[34] *Id.* at 8.
[35] *Id.* at 5.

**IT IS ORDERED** that the motion to remand is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, December 8, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**